**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

LOUD RECORDS, LLC, a Delaware
corporation; BMG MUSIC, a New York general
partnership; and UMG RECORDINGS, INC., a
Delaware corporation                                                    PLAINTIFFS

v.                                       No. 4:05CV001017 JLH

DESMOND HAMMETT                                              DEFENDANT

**OPINION AND ORDER**

This is a copyright infringement action.  Pending is Plaintiffs' Application for Entry of

Default Judgment.  For the reasons stated below, the application is GRANTED.

Plaintiffs are the copyright owners or licensees of exclusive rights of certain sound

recordings, including:

(1) "Quiet Storm Remix" by Mobb Deep

(2) "Rain" by SWV

(3) "Roni" by Bobby Brown

(4) "Let's Wait Awhile" by Janet Jackson

(5) "It's On" by Mary J. Blige

(6) "Batter Up" by Nelly

(7) "My First Love" by Avant,

(collectively, the "copyrighted recordings").  Compl. ¶ 9; Compl. Ex. A.  Each of these recordings

is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

*Id*. ¶ 9.  Plaintiffs filed this action against Desmond Hammett on July 22, 2005, alleging that

Hammett used an online media distribution system to download the copyrighted recordings owned,

distribute them to the public, or make them available for distribution to others in violation of

Plaintiffs' exclusive rights of reproduction and distribution under the Copyright Act. *Id*. ¶ 11.

According to the affidavit of service filed with this Court, Hammett was served on October 29,

2005. To date, Hammett has not answered the complaint or otherwise appeared in this action. The

Clerk entered default on February 14, 2006, and the Plaintiffs filed the present application for entry

of default judgment and declaration in support on March 9, 2006.

Rule 55(b) of the Federal Rules of Civil Procedure provides:

Judgment by default may be entered as follows:

. . .

(2)  By the Court.  In [cases other than for a sum certain] the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person . . . .

Entry of a default judgment is within the sound discretion of the Court. *United States ex rel. Time*

*Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Default judgments, while

not favored, are nonetheless appropriate to combat intentional delay. *Id*. A court may consider a

number of factors, including the amount of damages involved, whether factual issues exist, whether

the default is largely technical, whether plaintiff has been substantially prejudiced by the delay

involved, and whether the grounds for default are clearly established. 10A CHARLES ALAN WRIGHT,

ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d. ed.

1998). No hearing is required. *See* FED. R. CIV. P. 55. As a prerequisite to entry of default

judgment, as with any judgment, the Court must have proper jurisdiction over the adjudged party.

*See Wolf-Tec, Inc. v. Miller's Sausage Co., Inc.*, 899 F.2d 727, 728 (8th Cir. 1990).

Plaintiffs have satisfied the procedural requirements for default judgment. The Court has

proper jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) and 1331 and the Copyright

Act, 17 U.S.C. § 101 *et seq*. The Court likewise has personal jurisdiction over Hammett as he was properly made a party to this action by service of process on October 29, 2005. According to the sworn declaration by Lisa L. Honey, attorney for the Plaintiffs, Hammett is not an infant or incompetent person and is not in the military service. *See* FED. R. CIV. P. 55(b)(2); 50 App. U.S.C. § 521(b)(1). Finally, default has been entered against him by the clerk.

Weighing the relevant considerations in this case, default judgment is appropriate. Default in this case was not merely technical. Hammett has failed to enter any appearance in this suit despite being served the complaint and summons more than four months ago and notified regarding entry of default and application for entry of default judgment. *Cf. UMG Recordings, Inc. v. Davito*, No. 2:04CV479, 2005 WL 3776349, *1 (N.D. Ind. June 17, 2005). With no indication that Hammett will respond to this lawsuit at a later date and allow this case to proceed on the merits, Plaintiffs are without recourse to recovery unless the Court enters default judgment. *Elektra Entm't Group Inc. v. Bryant*, No. CV 03-6381, 2004 WL 783123 *3 (C.D. Cal. Feb. 13, 2004).

No genuine factual issues exist in this case. As noted, the complaint alleges that Hammett downloaded, distributed, or made available for distribution recordings owned or licensed by the Plaintiffs by use of an online media distribution system. The complaint alleges that Hammett did so willfully and intentionally, "in disregard of and with indifference to the rights of Plaintiffs." Compl. ¶ 13. "If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE at § 2688; *See Angelo Iafrate Constr., LLC v. Potashnick Constr., LLC*, 370 F.3d 715, 722 (8th Cir. 2004). A successful copyright infringement claim depends on two elements, ownership of a valid copyright and violation of the

copyright owner's exclusive rights, for example, unauthorized reproduction or distribution of the copyrighted work. *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 830 (8th Cir. 1992).  Courts have held that the facts alleged in the complaint establish direct infringement in violation of the Copyright Act. *See e.g.*, *Caroline Records v. Westhoff*, No. 04-CV-02393, 2006 WL 538688, *1 (D. Colo. Jan. 25, 2006); *Davito*, 2005 WL 3776349, at *2; *Bryant*, 2004 WL 783123, at *3-4.  Hammett, in failing to respond, has presented no defense to liability.  The Court concludes that liability is established and that Plaintiffs are thus entitled to relief pursuant to the Copyright Act.

Plaintiffs seek recovery in the form of statutory damages, a permanent injunction, and costs. These remedies do not differ in kind from those sought in the complaint.  *See* FED. R. CIV. P. 54(c).

The Copyright Act provides that "an infringer of copyright is liable for either– (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a). Subsection (c)(1) provides, in relevant part:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action,  with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

*Id*. at § 504(c)(1).  Statutory damages, as § 504(a) and (c) show, may therefore be elected in lieu of actual damages.  *Cass County Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 642 (8th Cir. 1996). Plaintiffs in this case seek statutory damages in amount of $750 for each of the seven recorded works set forth in Exhibit A of the complaint, or a total of $5,250.  No party has made a jury demand in this case and, in any event, Plaintiffs request statutory damages in the minimum amount allowed under § 504(c)(1).  Given this and the fact that the total amount of damages is an amount capable of

mathematical calculation, a hearing on damages is unnecessary. *Westhoff*, 2006 WL 538688, at *1.

The Court concludes that Plaintiffs are entitled to statutory damages in the amount of $5,250.00.

> Plaintiffs also request the following permanent injunction:
>
> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession.

The Copyright Act specifically authorizes injunctive relief. Under that Act, the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To determine whether permanent injunctive relief is warranted when success on the merits has already been established, a court considers: (1) the threat of irreparable harm to the moving party; (2) the balance of harm between this harm and the harm suffered by the nonmoving party if the injunction is granted; and (3) the public interest. *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 967 (8th Cir. 2005).

Injunctions are commonly issued in copyright infringement cases given the public interest's in upholding copyright protections. *Id.* at 968. "Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in

the protected work." *Id*. (internal quotation omitted).  As for irreparable harm, the Eighth Circuit

holds that such harm "inescapably flows" from the denial of the right to control the use of

copyrighted materials. *Id*.  When infringement is by means of an online media distribution system,

the means utilized by Hammett in this case, the potential for future harm is great.  Uploading onto

these systems leaves copyright owners and licensees vulnerable to wide-scale, ongoing, worldwide

infringement, "threatening virtually unstoppable infringement of the copyright." *Bryant*, 2004 WL

783123, at *7. *See generally*, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 125 S. Ct. 2764,

162 L. Ed. 2d 781 (2005).  The exhibits to the complaint demonstrate that Hammett's infringement

was not limited to the works listed in the complaint; these violations were merely representative of

much larger-scale infringement.  Whether Hammett's conduct has ceased or whether he continues

to disregard Plaintiffs' rights is unknown.  Given the threat of harm and the nature of the

infringement in this case, the Court finds, as other courts have, that the permanent injunction

requested in this case is reasonable.  *Cf. Westhoff*, 2006 WL 538688, at *2-3; *Davito*, 2005 WL

3776349, at *3; *Bryant*, 2004 WL 783123, at *6-7.

Finally, the plaintiffs seek to recover costs in the amount of $250.00.  The Copyright Act

provides that "the court in its discretion may allow the recovery of full costs by or against any party

other than the United States or an officer thereof."  17 U.S.C. § 505.  Here, Plaintiffs request only

the amount presumably expended in filing this action against the defendant.[1]  This amount is

reasonable.  The Court therefore grants Plaintiffs' request for costs.

---

[1] Although the declaration of Lisa Honey states only the amount of costs, not for what purpose the costs were expended, the filing fee in the Eastern District of Arkansas is $250.

In conclusion, Plaintiffs' application for entry of default judgment is GRANTED. Docket #10. Plaintiffs are awarded statutory damages in the amount of $5,250.00; a permanent injunction enjoining Hammett from directly or indirectly infringing Plaintiffs' rights under federal or state law in "Quiet Storm Remix" by Mobb Deep, "Rain" by SWV; "Roni" by Bobby Brown, "Let's Wait Awhile" by Janet Jackson, "It's On" by Mary J. Blige, "Batter Up" by Nelly, "My First Love" by Avant, and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs, and ordering him to destroy all copies of Plaintiffs' Recordings that he has downloaded onto any computer hard drive or server without Plaintiffs' authorization as well as all copies of those downloaded recordings transferred onto any physical medium or device in his possession; and costs in the amount of $250.00.

IT IS SO ORDERED this 20th day of March, 2006.


_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE